UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BESS,<br><br>    Plaintiff,<br><br>v.<br><br>J. PEFFLEY,<br><br>    Defendant. | Case No. 22-cv-00341-JSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW OR AMEND ADMISSIONS**<br><br>Re: Dkt. No. 105 |

Daniel Bess ("Plaintiff"), an inmate at the Correctional Training Facility in Soledad, California, brings Section 1983 claims against J. Peffley ("Defendant"), a former prison guard at his facility. (Dkt. No.1 at 5.)[1] This case is set for trial November 17, 2025. (Dkt. No. 100 at 1.) Currently pending before the Court is Defendant's motion to withdraw or amend his June 6, 2022 responses to two Requests for Admissions ("RFA"). (Dkt. No. 104-2.) After carefully considering parties' submissions, and having had the benefit of oral argument on July 24, 2025, the Court DENIES Defendant's motion to withdraw or amend admissions because Defendant fails to satisfy both prongs of Federal Rule of Civil Procedure 36(b) and has not established good cause for delay.

## BACKGROUND

**A. Complaint Allegations**

Defendant threatened Plaintiff into supplying him with confidential information about security threat group ("STG") members and affiliates. (Dkt. No. 1 at 6.) Plaintiff refused to be a "snitch" for Defendant because it would place his life in jeopardy. (*Id*.) Additionally, Plaintiff informed Defendant he would file an administrative grievance against Defendant to report his

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

"unauthorized and illegal behavior." (*Id*.) Defendant retaliated by placing false confidential memorandums in Plaintiff's record which validated Plaintiff as an STG affiliate and made him unsuitable for parole. (*Id*. at 6, 7.)

After exhausting all available administrative remedies, Plaintiff filed this action in this Court on January 18, 2022, alleging violations to his First and Eighth Amendment rights. (Dkt. No. 1 at 1, 8.)

### B. Procedural History

#### 1. Defendant Admitted RFA Nos. 8 & 9 on June 6, 2022

Plaintiff served Defendant with RFAs on May 13, 2022. (Dkt. No. 104-4 at 2.) Three weeks later, Defendant served responses to the RFAs which included express admissions to RFA Nos. 8 and 9:

> REQUEST NO. 8:
>
> Admit that you asked Mr. Bess to provide you with information on the Mexican Mafia, Southerner, Piasa, Crip, Blood and White Nationalist members, associates and affiliates.
>
> REQUEST NO. 9:
>
> Admit that Mr. Bess refused to provide you with information on the Mexican Mafia, Southerner, Piasa, Crip, Blood and White Nationalist members, associates and affiliates.

(Dkt. No. 109-3 at 5.) Defendant's admissions were signed by his then-counsel, Peter Ben Nichols. (*Id.* at 7.)

#### 2. Defendant Verified his Interrogatory Responses on June 6, 2022

On the same day Defendant's former counsel served responses to the RFAs, Defendant verified his interrogatory responses under penalty of perjury. (Dkt. No. 109-4.) In particular, Interrogatory No. 19 asked:

2

> For each of your responses to Mr. Bess' Requests for Admissions (served concurrently herewith) which is not unqualified admission, state the basis for your denial of the fact(s) state [sic] in each Request.

(*Id*. at 12.) In response, Defendant only disputed RFA Nos. 10-15 and provided facts for his denials to those Requests. He did not list RFA Nos. 8 and 9 as "not unqualified admissions." (*Id*.)

### 3. The Court Entered a Summary Judgment Order on August 2, 2023

Defendant moved for summary judgment on November 21, 2022. (Dkt. No. 30 at 1.) The Court granted summary judgment in Defendant's favor in part of Plaintiff's First Amendment claim and denied summary judgment on Plaintiff's Eighth Amendment claim. (*Id*. at 16.) In the Order, the Court accepted the admissions to RFA Nos. 8 and 9 as undisputed facts. (Dkt. No. 30 at 1, 2.)

### 4. Defendant Served Supplemental Reponses to Interrogatories on March 22, 2024

Defendant's supplemental response to Interrogatory No. 14 disputes Plaintiff's allegation that Defendant asked Plaintiff to provide any information "regarding illegal activity." (Dkt. No. 104-5 at 8.)

### 5. Defendant's Counsel Discovers Admissions 8 & 9 Were Wrong in August and September 2024

In preparing for Defendant's September 10, 2024 deposition, his new counsel became aware in August and September 2024 of inconsistencies between his anticipated testimony and his responses to RFA Nos. 8 and 9. (Dkt. No. 104-5 at 2.)

### 6. Discovery Closed on September 13, 2024

Fact discovery closed three days after Defendant's September 10, 2024 deposition. (Dkt. No. 63 at 3.)

### 7. Defendant Moved to Withdraw or Amend Admissions on May 27, 2025

Eight months after Defendant's new counsel discovered the inconsistencies, Defendant moved to withdraw or amend admissions. (Dkt. No. 104-2.)

3

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 36(b), courts may grant a party relief from an admission if: (1) "it would promote the presentation of the merits of this action," and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Even if both prongs are satisfied, the rule is permissive, not mandatory. *See Asea, Inc. v. S. Pac. Transp.* Co., 669 F.2d 1242, 1248 (9th Cir. 1981) ("A per se rule that the district court must permit withdrawal of an admission which relates to an important or dispositive matter is inappropriate in light of the purpose of this discovery device: to narrow the issues for trial and avoid litigation of unessential facts.") A court may consider other factors in deciding whether to exercise its discretion to grant relief, including "whether the moving party can show good cause for the delay" in filing the motion. *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007).

**DISCUSSION**

**I.  First Factor: Promoting Presentation of Merits**

Withdrawal of an admission is only appropriate "if it would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). This requirement may be satisfied when "upholding admissions would practically eliminate any presentation on the merits of the case." *Conlon*, 474 F.3d at 621.

Defendant contends the entire foundation of Plaintiff's claims rely on the factual premises established by the responses to RFA 8 and 9, and without them, Plaintiff has no case. (Dkt. No. 104-2 at 5.) Defendant also argues withdrawal is necessary to allow him to put on a defense and prevent him from having an "unworkable" trial. (Dkt. No. 112-2 at 3.)

**A.  Merits of Plaintiff's First Amendment Claim**

The Court granted Defendant summary judgment on Plaintiff's First Amendment retaliation claim "to the extent it is premised on the alleged protective activity of refusing to snitch." (Dkt. No. 30 at 12.) But, the Court denied Defendant summary judgment on the First Amendment retaliation claim to the extent it is based on the alleged protective activity of Plaintiff's expressed intent to file a grievance. (*Id.*) So, Defendant's admissions—Defendant

4

asked Plaintiff to provide information about STG members and Plaintiff refused—"would not practically eliminate any presentation on the merits of the case." *Conlon*, 474 F.3d at 621. To succeed on his First Amendment claim, Plaintiff must prove Defendant retaliated against Plaintiff for expressing his intent to file a grievance, a fact not admitted in RFA Nos. 8 and 9.

### B. Merits of Plaintiff's Eighth Amendment Claim

Defendant's admissions also do not "eliminate any presentation on the merits" of Plaintiff's Eighth Amendment personal safety claim. "Plaintiff's Eighth Amendment claim is that Defendant tried to force Plaintiff into the dangerous position of being a snitch *by threatening Plaintiff if he refused*." (Dkt. No. 30 at 13 (emphasis added).) While the admissions to the RFAs may provide some foundational facts for Plaintiff's Eighth Amendment claim, they do not establish that claim and do not significantly limit Defendant's ability to present a defense as to the events that occurred after the request and refusal to provide information about STG members. *See Hawks v. Seery*, No. CV-21-00092-PHX-DGC, 2023 WL 1779619, at *1 (D. Ariz. Jan. 17, 2023) (the first prong of Rule 36(b) is not satisfied when admissions that establish foundational facts do not "significantly establish Plaintiff's claims or eliminate Defendant's defenses").

\*\*\*

In sum, the first prong of Rule 36(b) is not met for Plaintiff's First or Eighth Amendment claims because the admissions to RFA Nos. 8 and 9 do not effectively end the litigation; that is, they do not foreclose Defendant from defending either claim. The parties must still present their cases on the claims that Defendant threatened Plaintiff's personal safety and retaliated against him *after* the events alleged in the admissions.

### II. Second Factor: Prejudice to Plaintiff

The second prong asks the court to consider whether the nonmoving party would suffer prejudice by granting withdrawal or amendment. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The nonmoving party bears the burden of proving prejudice which can be measured by "the difficulty a party may face in proving its case." *Id*. at 1348.

Plaintiff meets his burden of showing prejudice from withdrawal or amendment of admissions at this late date because it would severely impact his ability to present his case given

discovery has closed and trial is in four months. (Dkt. No. 109-2 at 11.) Plaintiff "reasonably relied" on the admissions for over three years and Defendant made no effort to correct the record until now, months after the close of discovery. (*Id*.) Plaintiff has structured his entire litigation strategy around the admissions to focus on disputed facts that occurred after the admitted events. (Dkt. No. 109-2 at 11.) Plaintiff would be unduly burdened by the sudden need to obtain evidence to prove the allegations in the admitted RFAs. *See Hadley*, 45 F.3d at 1348 ("the sudden need to obtain evidence with respect to the questions previously deemed admitted" is a valid factor for weighing prejudice) (internal citations omitted).

Defendant postures the lack of discovery is not sufficient to constitute prejudice against Plaintiff. (Dkt. No. 104-2 at 5.) As support, Defendant references *Conlon*: "we are reluctant to conclude a lack of discovery, without more, constitutes prejudice." *Conlon*, 474 F.3d at 624. But this quote is taken out of context.

> In analyzing prejudice in *Conlon*, the Ninth Circuit distinguished cases in which a party attempted to withdraw an admission during or on the eve of trial (often very prejudicial), from cases in which a party attempted to withdraw an admission at a time when the nonmoving party still had an opportunity to adjust its trial strategy and presentation to accommodate the change (generally not prejudicial).

*Sinclair v. San Jose Unified Sch. Dist. Bd. of Educ.*, No. 20-cv-02798-LHK, 2021 WL 4597078, at *2 (N.D. Cal. Oct. 6, 2021). Indeed, courts have found delays in bringing Rule 36(b) motions to be prejudicial when the delay burdens the nonmoving party with a sudden need to obtain evidence. *See Doty v. City of Santa Clara*, No. 14-cv-03739-LHK, 2015 WL 9027727, at *5 (N.D. Cal. Dec. 16, 2015) (finding prejudice when the motion was filed five months after the admissions were deemed admitted and the nonmoving party relied on admissions to structure discovery plan, settlement conference, and trial strategy); *Eagle Eyes Traffic Indus. USA Holding LLC v. E-Go Bike LLC*, No. 21-cv-07097-TLT, 2023 WL 11868202, at *3 (N.D. Cal. Dec. 18, 2023) (finding prejudice when nonmoving party relied on admissions for over 15 months, past the discovery deadline, and two months before trial); *Melton v. Regional Center of East Bay*, No. 20-cv-06613-YGR, 2025 WL 1077460, at *2 (N.D. Cal. Apr. 10, 2025) (finding prejudice when the moving party waited an inexplicable ten months to file a motion to withdraw and "there was no way in the

time remaining in fact discovery that [the nonmoving party] could have taken the necessary discovery to develop a record"). Defendant is seeking to withdraw or amend admissions he made three years ago. (Dkt. No. 104-2.) Because discovery closed ten months ago and trial starts in four months, Plaintiff would be prejudiced by the sudden need to obtain evidence previously admitted in the RFAs. So, the second prong of Rule 36(b) is not met.

### III. Good Cause for Amendment

Even if both prongs of Rule 36(b) had been met, the Court still has discretion to consider whether the defendant demonstrated good cause for the delay in filing the motion. *Conlon*, 474 F.3d at 625. Federal Rule of Civil Procedure 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Diligence may speak to the moving party's timeliness in seeking relief from the deemed admissions. *Lux EAP, LLC v. Bruner*, 811 F. App'x 405, 407 (9th Cir. 2020).

Defendant fails to show good cause for his delay in seeking to withdraw his admissions. He concedes a client is usually accountable for counsel's errors but insists here he is blameless and should not suffer the consequences of his counsel's mistake. (Dkt. No. 104-2 at 6-7.) But Defendant is also responsible for the error. He verified his responses to the interrogatories under penalty of perjury. Under penalty of perjury, he set forth facts that supported the denial of certain requests for admissions. He should not have verified those facts without looking at all the requests for admission and, if he looked, then he should have seen that the requests immediately preceding the denials were admitted. That he apparently did not does not establish good cause.

Further, even if Defendant was unaware of the erroneous admissions made three years ago and did not learn about the mistake until preparing for his deposition, he still waited an additional eight months after discovering the error to move to withdraw. Defendant fails to provide any justifiable reason for this delay. *See Lux EAP, LLC*, 811 F. App'x at 407 (denying motion even after finding both prongs of Rule 36(b) were satisfied because movant had been aware of the admissions for weeks and failed to withdraw them prior to summary judgment hearing).

//

//

7

**CONCLUSION**

For the reasons discussed above, Defendant's motion to withdraw or amend admissions is DENIED.

Defendant's renewed administrative motion to seal is GRANTED. (Dkt. No. 116.) This Order disposes of Docket Nos. 105, 116.

**IT IS SO ORDERED.**

Dated: July 25, 2025

JACQUELINE SCOTT CORLEY
United States District Judge